Richard F. Ensor (10877)
Michael C. Barnhill (12439)
MICHAEL BEST & FRIEDRICH, LLP
2750 East Cottonwood Parkway, Suite 560
Cottonwood Heights, Utah 84121
Telephone: (801) 833-0500
Facsimile: (801) 931-2500
rfensor@michaelbest.com
mcbarnhill@michaelbest.com

Attorneys for Plaintiff Avtech Capital, LLC

### IN THE UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| AVTECH CAPITAL, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>C & G ENGINES CORP., a Florida Corporation, GABRIEL ANGULO, a citizen of Florida, CG MIAMI NDT, LLC, a Florida limited liability company, JOSE PEREZ, a citizen of Florida, JESUS ROJAS, a citizen of Florida,<br><br>Defendants. | **PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND DEFAULT JUDGMENT**<br><br>Civil No. 2:19-cv-00541-JNP-DAO<br><br>Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Avtech Capital, LLC ("Avtech"), by and through its undersigned counsel and pursuant to Rules 55(b) and 56 of the Federal Rules of Civil Procedure, submits its motion for partial summary judgment and for default judgment.

### INTRODUCTION

Defendants in this matter are the parties to the Master Lease Agreement and multiple guaranties of that agreement.  C & G Engines ("C & G") leased aircraft engines from Avtech but

failed to make all of the payments required. Avtech sought payment from all defendants, but they failed to comply with the terms of the Master Lease Agreement and their respective guaranties. Avtech now seeks a judgment against all defendants (with the exception of Perez), either as a default judgment or as a summary judgment.

C & G, CG Miami NDT, LLC ("CG Miami"), and Jesus Rojas ("Rojas") did not appear, and their default was entered on January 27, 2020 [Docket No. 30]. Jose Perez ("Perez") moved to dismiss, and a decision on that motion is currently pending. Gabriel Angulo ("Angulo") answered the complaint.

## STATEMENT OF RELIEF SOUGHT

Avtech seeks default judgment against C & G, CG Miami, and Rojas in the amount of $733,489.28, plus interest at the rate of eighteen percent per annum from November 1, 2020 until the judgment is paid in full and Avtech's attorney fees and costs. Avtech seeks summary judgment against Angulo in the amount of $733,489.28, plus interest at the rate of eighteen percent per annum from November 1, 2020 until the judgment is paid in full and Avtech's attorney fees and costs. Avtech is not seeking judgment against Perez at this time as his motion to dismiss has not been decided. Any final judgment should be against C & G, CG Miami, Rojas, and Angulo, jointly and severally.

## STATEMENT OF FACTS

I.   **The Master Lease Agreement, Guaranties, and TFG's Performance.**

1.   Avtech is an equipment leasing company. *See* Declaration of C. Scharman at ¶ 3, a true and accurate copy of which is attached hereto as Exhibit A.

2.   Avtech entered a Master Lease Agreement No. TFG/CG 2576, dated November 6,

2015 with C & G as Lessee (the "Master Lease") under its former name, Tetra Financial Group, LLC. A true and accurate copy of the Master Lease is attached hereto as Exhibit B; see also Ex. A at ¶ 4 (Scharman Decl.).

3. Pursuant to the Master Lease, C & G entered into a separate lease schedule (the "Lease Schedule" and together with the Master Lease, the "Lease"), pursuant to which Avtech leased to C & G jet engines (described in the Lease as the "Leased Property") with a total original cost of $990,000.00. *See* Exhibit B to Lease Schedule No. 001, a true and accurate copy of which is attached hereto as Exhibit C.

4. In connection with the Master Lease, Angulo, CG Miami, and Rojas entered into guaranties. True and accurate copies of the guaranties are attached hereto as Exhibits D, E, and F, respectively.

5. Avtech paid a total of $990,000.00 to purchase the Leased Property so that Avtech could lease the Leased Property to C & G. *See* Ex. A at ¶ 5 (Scharman Decl.).

## II. Defendants' Breach of the Lease and Guaranties.

6. C & G failed to make all of the payments due under the Master Lease. Specifically, C & G only made forty of the required forty-eight Base Term payments. *See id.* at ¶ 6.

7. C & G failed to make the payment due on June 1, 2019 and every payment thereafter. *See id.* at ¶ 7.

8. The Master Lease Agreement defines an Event of Default as, "Lessee fails to make any payment due hereunder, including . . . Basic Rent . . . ." *See* Master Lease Agreement (Ex. B) at ¶ 19(a).

9. Each of the Guaranties provides, "Guarantor hereby absolutely, unconditionally, and irrevocably guarantees the full, complete and prompt payment, performance and observance of all payment and other obligations of Lessee under each Lease, including . . . Basic Rent . . . ." *See* Guaranties (Ex. D, E, and F) at ¶ 1(a).

10. Each of the Guaranties also states, "If an Event of Default (as described in the Master Lease) shall occur under any Lease, Lessor may pursue its remedies against Lessee and/or proceed directly against Guarantor for the payment, performance or observance of any and all of Lessee's obligations under the Lease." *See id.* at ¶ 2.

11. Angulo, CG Miami, and Rojas also failed to make payments in C & G's stead when C & G failed to make payments. *See* Ex. A at ¶ 8 (Scharman Decl.).

**III. Damages.**

12. The parties agreed to a Stipulated Loss Schedule contained in Exhibit C to Lease Schedule No. 001 (Ex. C). Pursuant to the Stipulated Loss Schedule, after the fortieth payment, the stipulated loss value would be $568,864.00.

13. The Master Lease Agreement authorizes a late charge of 5% of the amount due. *See* Master Lease Agreement (Ex. B) at ¶ 3.

14. Pursuant to Exhibit B to Lease Schedule No. 001 (Ex. C), the basic rent was $23,017.50. Thus, the late charge was $1,150.88 per month.

15. Additionally, paragraph 29(b) of the Master Lease Agreement (Ex. B) provides for default interest at the rate of eighteen percent per annum. Thus, interest is accruing at the rate of $8,532.96 per month.

## ARGUMENT

Avtech's complaint includes claims for breach of the Master Lease and breach of the guaranties. Summary judgment or default judgment is appropriate on Avtech's first, second, third, fourth, fifth, sixth, ninth, and tenth claims because C & G, Angulo, CG Miami, and Rojas all breached their agreements with Avtech.

**I.    C & G is Liable to Avtech for Its Breach of the Lease.**

The elements of a claim for a breach of contract are: (1) the existence of a contract; (2) performance by the party seeking recovery; (3) breach of the contract by the other party, and (4) damages. *Bair v. Axiom Design, LLC*, 2001 UT 20 ¶ 14, 20 P.3d 388, 392. It is undisputed that a valid agreement exists in the form of the Lease, and it is undisputed that Avtech performed its obligations by purchasing and then leasing the Leased Property to C & G. *See* Statement of Facts ("SOF") at ¶¶ 2,5. C & G failed to make all of the payments required by the Lease. *See* SOF at ¶¶ 6-7.

There can be no dispute that C & G has not fulfilled its obligations under the Lease by failing to make all of the required payments. *See* SOF at ¶¶ 6-7. This failure constitutes an Event of Default under the Lease. *See* SOF at ¶ 8. The damages for C & G's breach were agreed to by all parties in the Stipulated Loss Schedule. *See* SOF at ¶¶ 12-15. Therefore, C & G owes $568,864.00. *See* SOF at ¶ 12. Additionally, seventeen months have passed since C & G's default. Thus, $19,564.96 in late charges and $145,060.32 in interest have accrued through October 31, 2020.

The total amount owed by C & G is $733,489.28, plus interest at the rate of eighteen percent per annum from November 1, 2020 until the judgment is paid in full and Avtech's

attorney fees and costs.  *See* SOF at ¶¶ 12-15.

II.    **C & G is Liable to Avtech for Its Breach of the Implied Covenant of Good Faith and Fair Dealing.**

A party breaches the covenant by intentionally injuring the other party's right to receive the benefits of the contract.  *Shah v. Intermountain Healthcare, Inc.*, 2013 UT App. 261 ¶ 16, 314 P.3d 1079.   Here, Avtech's benefit was to receive payment for leasing the Leased Property to C & G, and this benefit has been frustrated due to C & G's failure to pay the rent for the Lease.  Per the parties' Agreement, such services are worth $568,864.00, plus late charges, interest, attorney fees, costs, and expenses.  Therefore, judgment against C &G in the amount of $733,489.28 for breach of the implied covenant of good faith and fair dealing is proper.

III.    **Angulo is Liable to Avtech for the Breach of His Guaranty.**

The elements of a claim for a breach of contract are: (1) the existence of a contract; (2) performance by the party seeking recovery; (3) breach of the contract by the other party, and (4) damages.  *Bair v. Axiom Design, LLC*, 2001 UT 20 ¶ 14, 20 P.3d 388, 392.  It is undisputed that a valid agreement exists in the form of the guaranty (Ex. D), and it is undisputed that Avtech performed its obligations by purchasing and then leasing the Leased Property to C & G.  *See* SOF at ¶ 5.  C & G failed to make all of the payments required by the Lease and Angulo also failed to make the payments in C & G's stead as promised.  *See* SOF at ¶¶ 6-7, 11.

There can be no dispute that Angulo has not fulfilled his obligations under his guaranty by failing to make all of the required payments.  *See* SOF at ¶ 11.  This failure constitutes an Event of Default under the Lease and the guaranty.  *See* SOF at ¶ 8.  The damages for Angulo's breach are the same as C &G's breach.  Thus, Angulo owes a total of $733,489.28, plus interest at the rate of eighteen percent per annum from November 1, 2020 until the judgment is paid in

full and Avtech's attorney fees and costs. *See* SOF at ¶¶ 12-15.

IV. **Angulo is Liable to Avtech for His Breach of the Implied Covenant of Good Faith and Fair Dealing.**

A party breaches the covenant by intentionally injuring the other party's right to receive the benefits of the contract. *Shah v. Intermountain Healthcare, Inc.*, 2013 UT App. 261 ¶ 16, 314 P.3d 1079. Here, Avtech's benefit was to receive payment for leasing the Leased Property to C & G, even if C & G failed to pay, and this benefit has been frustrated due to Angulo's failure to pay the rent for the Lease. Per the parties' Agreement, such services are worth $568,864.00, plus late charges, interest, attorney fees, costs, and expenses. Therefore, judgment against Angulo in the amount of $733,489.28 for breach of the implied covenant of good faith and fair dealing is proper.

V. **CG Miami is Liable to Avtech for the Breach of Its Guaranty.**

The elements of a claim for a breach of contract are: (1) the existence of a contract; (2) performance by the party seeking recovery; (3) breach of the contract by the other party, and (4) damages. *Bair v. Axiom Design, LLC*, 2001 UT 20 ¶ 14, 20 P.3d 388, 392. It is undisputed that a valid agreement exists in the form of the guaranty (Ex. E), and it is undisputed that Avtech performed its obligations by purchasing and then leasing the Leased Property to C & G. *See* Statement of Fact ("SOF") at ¶ 5. C & G failed to make all of the payments required by the Lease and CG Miami also failed to make the payments in C & G's stead as promised. *See* SOF at ¶¶ 6-7, 11.

There can be no dispute that CG Miami has not fulfilled its obligations under its guaranty by failing to make all of the required payments. *See* SOF at ¶ 11. This failure constitutes an Event of Default under the Lease and the guaranty. *See* SOF at ¶ 8. The damages for CG

7

Miami's breach are the same as C &G's breach. Thus, CG Miami owes a total of $733,489.28, plus interest at the rate of eighteen percent per annum from November 1, 2020 until the judgment is paid in full and Avtech's attorney fees and costs. *See* SOF at ¶¶ 12-15.

VI. **CG Miami is Liable to Avtech for Its Breach of the Implied Covenant of Good Faith and Fair Dealing.**

A party breaches the covenant by intentionally injuring the other party's right to receive the benefits of the contract. *Shah v. Intermountain Healthcare, Inc.*, 2013 UT App. 261 ¶ 16, 314 P.3d 1079. Here, Avtech's benefit was to receive payment for leasing the Leased Property to C & G, even if C & G failed to pay, and this benefit has been frustrated due to CG Miami's failure to pay the rent for the Lease. Per the parties' Agreement, such services are worth $568,864.00, plus late charges, interest, attorney fees, costs, and expenses. Therefore, judgment against CG Miami in the amount of $733,489.28 for breach of the implied covenant of good faith and fair dealing is proper.

VII. **Rojas is Liable to Avtech for the Breach of His Guaranty.**

The elements of a claim for a breach of contract are: (1) the existence of a contract; (2) performance by the party seeking recovery; (3) breach of the contract by the other party, and (4) damages. *Bair v. Axiom Design, LLC*, 2001 UT 20 ¶ 14, 20 P.3d 388, 392. It is undisputed that a valid agreement exists in the form of the guaranty (Ex. F) and it is undisputed that Avtech performed its obligations by purchasing and then leasing the Leased Property to C & G. *See* SOF at ¶ 5. C & G failed to make all of the payments required by the Lease and Rojas also failed to make the payments in C & G's stead as promised. *See* SOF at ¶¶ 6-7, 11.

There can be no dispute that Rojas has not fulfilled his obligations under his guaranty by failing to make all of the required payments. *See* SOF at ¶ 11. This failure constitutes an Event

8

of Default under the Lease and the guaranty. *See* SOF at ¶ 8. The damages for Rojas's breach are the same as C &G's breach. Thus, Rojas owes a total of $733,489.28, plus interest at the rate of eighteen percent per annum from November 1, 2020 until the judgment is paid in full and Avtech's attorney fees and costs. *See* SOF at ¶¶ 12-15.

**VIII.   Rojas is Liable to Avtech for His Breach of the Implied Covenant of Good Faith and Fair Dealing.**

A party breaches the covenant by intentionally injuring the other party's right to receive the benefits of the contract. *Shah v. Intermountain Healthcare, Inc.*, 2013 UT App. 261 ¶ 16, 314 P.3d 1079. Here, Avtech's benefit was to receive payment for leasing the Leased Property to C & G, even if C & G failed to pay, and this benefit has been frustrated due to Rojas's failure to pay the rent for the Lease. Per the parties' Agreement, such services are worth $568,864.00, plus late charges, interest, attorney fees, costs, and expenses. Therefore, judgment against Angulo in the amount of $733,489.28 for breach of the implied covenant of good faith and fair dealing is proper.

## CONCLUSION

For the reasons set forth above, Avtech seeks default judgment against C & G, CG Miami, and Rojas in the amount of $733,489.28, plus interest at the rate of eighteen percent per annum from November 1, 2020 until the judgment is paid in full and Avtech's attorney fees and costs incurred in this action. Avtech also seeks summary judgment against Angulo in the amount of $733,489.28, plus interest at the rate of eighteen percent per annum from November 1, 2020 until the judgment is paid in full and Avtech's attorney fees and costs incurred in this action. C & G, CG Miami, Rojas, and Angulo should also be jointly and severally liable for the judgment.

DATED this 15th day of October 2020.

                                                **MICHAEL BEST & FRIEDRICH, LLP**

                                                  /s/ Michael C. Barnhill
                                                    Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of October 2020, I electronically filed the foregoing with the Court by using the CM/ECF system, and therefore, notice was sent to the following:

Rafael A. Seminario  
RICHARDS BRANDT MILLER NELSON  
111 East Broadway, Suite 400  
Salt Lake City, Utah 84111  

Russel A. Nevers  
FREEMAN LOVELL, PLLC  
4568 South Highland Drive, Suite 290  
Salt Lake City, Utah 84117  

Jesus Rojas  
11247 NW 75th Ln.  
Medley, Florida 33178  

CG Miami NDT, LLC  
c/o Jose Baloyra  
5835 Blue Lagoon Drive, Suite 302  
Miami Florida 33126  

C & G Engines Corp  
c/o Counsel for Gabriel Angulo  

                                                /s/ Michael C. Barnhill