IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| AVTECH CAPITAL, LLC,<br><br>　　Plaintiff,<br><br>v.<br><br>C & G ENGINES CORP.; GABRIEL ANGULO; CG MIAMI NDT, LLC; JOSE PEREZ; and JESUS ROJAS;<br><br>　　Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTIONS TO AUGMENT THE RECORD, GRANTING MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT, AND GRANTING MOTION TO DISMISS<br><br>Case No. 2:19-cv-00541-JNP-DAO<br><br>District Judge Jill N. Parrish |

There are four motions before the court. The court GRANTS defendant Jose Perez's two motions to augment the record. ECF nos. 51, 61. The court also GRANTS plaintiff Avtech Capital LLC's motion for leave to file an amended complaint. ECF No. 46. Finally, the court GRANTS Perez's motion to dismiss the claims against himself for lack of personal jurisdiction. ECF No. 14.

## BACKGROUND

Avtech entered into a lease agreement with C & G Engines Corp. Gabriel Angulo and Jesus Rojas owned C & G. Perez did not have an ownership interest in C & G, nor was he an officer of that corporation. But Perez, Angulo, and Rojas jointly owned a related company that performed work for C & G. Avtech alleges that Angulo, Rojas, and Perez all signed personal guaranties, which provided that they would be liable for C & G's obligations under the lease agreement if C & G defaulted.

C & G breached the lease agreement by failing to make required payments. Avtech sued C & G for the breach. It also sued Angulo, Rojas, and Perez for breach of the personal guaranties

and CG Miami NDT, LLC for breach of a commercial guaranty. The personal guaranty purportedly signed by Perez stated that he agreed to submit to the jurisdiction of the state and federal courts located in Salt Lake County, Utah and that he waived any objection to such jurisdiction. A personal guaranty document provided by Avtech bears Perez's purported signature, which was notarized. The notary block on the document affirms that Perez appeared before the notary and acknowledged that he had executed the personal guaranty.

Perez filed a motion to dismiss the claims against him, arguing that this court lacks personal jurisdiction over him. Perez lives in Florida. He argued that the only basis for personal jurisdiction in this court is the waiver found in the personal guaranty. But Perez averred that the signature found on the guaranty is a forgery. He asserted that because he did not sign the guaranty, there is no basis for personal jurisdiction in this court.

Avtech conceded that the only basis for personal jurisdiction is the forum selection clause found in the personal guaranty. But it argued that Perez's signature is genuine. Avtech pointed to the notary's affirmation and asserted that one of its employees called Perez to verify that he had signed the guaranty.

The court determined that there was a factual dispute as to whether Perez's signature was genuine and scheduled an evidentiary hearing to resolve it. At the hearing, Avtech called its in-house counsel to testify about Avtech's procedures for ensuring that it obtains authentic signatures on documents.[1] Avtech also called its signature verification employee, Bethany Addington. She testified that she called Perez on his cell phone and confirmed that he had signed

---

[1] Counsel for Avtech testified that the company had copies of Perez's driver license and tax returns in its records. But Avtech never submitted the documents to the court, despite multiple opportunities to do so.

the personal guaranty. Perez also testified. He stated that he did not sign the guaranty, that the signature on the document was not his, and that he had no recollection of receiving a phone call from anyone at Avtech. Perez also presented the testimony of a forensic document examiner. She testified that the signature on the personal guaranty did not match any of his other signatures on official documents.

After the evidentiary hearing, Perez filed two motions to augment the evidentiary record. Perez requested that the court consider his phone records, which indicate that someone at Avtech placed a call to his cell phone the day after he supposedly signed the personal guaranty. The phone call lasted between 48 and 52 seconds. Perez also moved the court to consider the deposition testimony of the notary who affirmed his signature on the guaranty. The notary testified that she did not remember notarizing the guaranty and that she does not keep a log of her official notary acts. But she stated that she would not have notarized the guaranty unless Perez had appeared in person and acknowledged his signature. Avtech does not oppose Perez's motion to augment the evidentiary record. Accordingly, the court grants the motions to augment the record and considers the attached documents and testimony in determining the personal jurisdiction issue.

Finally, Avtech filed a motion to amend its complaint. The proposed amended complaint alleges that "C & G Engines, CG Miami, Rojas, Angulo, and Perez are alter egos of each other." Avtech alleges that the business entity defendants in this case, C & G and CG Miami, signed agreements containing clauses consenting to jurisdiction in Utah. Avtech argues, therefore, that even if Perez did not sign the personal guaranty, the proposed allegation that C & G and CG Miami were his alter egos would be sufficient to establish a prima facie case for personal jurisdiction because Perez would be personally bound by documents executed by these entities. Perez opposed

3

Avtech's motion to amend its complaint, arguing that the proposed amendments would be futile because they would not be sufficient to establish personal jurisdiction.

## ANALYSIS

### I. MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

Avtech assets that Perez consented to personal jurisdiction in Utah by signing a personal guaranty. Perez contends that his signature on the document was forged. He argues, therefore, that he is not bound by the forum selection clause found in the personal guaranty. Accordingly, the issue of whether this court has personal jurisdiction to adjudicate Avtech's claims against Perez boils down to single question of fact: Did Perez sign the personal guaranty?

When a defendant moves to dismiss the claims against him for lack of personal jurisdiction, "[a] district court has discretion to resolve such a motion in a variety of ways—including by reference to the complaint and affidavits, a pre-trial evidentiary hearing, or sometimes at trial itself." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069 (10th Cir. 2008); *see also Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) ("[T]he court has three procedural alternatives: it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any factual questions."). Because this court's personal jurisdiction hinges upon a discreet question of fact, the court ordered an evidentiary hearing. Based upon testimony given during the hearing and documents provided to the court, the court determines that Avtech has not proven by a preponderance of the evidence that Perez signed the personal guaranty. *See Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 773 (10th Cir. 1997) ("[The] plaintiff must prove the jurisdictional facts, if disputed, by a preponderance of the evidence.").

Perez testified at the evidentiary hearing that he did not sign the personal guaranty. In fact, he stated that he had no knowledge of the lease agreement between Avtech and C & G and that he had never seen the guaranty until shortly before Avtech filed this lawsuit. Perez further testified that the address listed for him on the guaranty was incorrect and that on the date that the document was purportedly signed, he arrived in Miami on a flight from Colombia around noon. Perez stated that between the time it would take to clear customs and to drive home from the airport, there would have been little time to sign and notarize the guaranty and then ship the original document to Utah through an overnight service. The court, having observed Perez's demeanor while testifying, found him to be a very credible witness.

The court was also persuaded by the testimony of Perez's expert document examiner, who pointed out significant differences between the signature on the guaranty and samples of Perez's known signature on official documents. Indeed, a simple comparison between the signature on the guaranty and the examples of Perez's known signature shows that the signature on the guaranty is not authentic. Additionally, the court notes that because Perez had no ownership interest in C & G, he had no incentive to sign a personal guaranty of an obligation to pay more than $500,000. Accordingly, based upon the evidence presented by the parties, the court finds that the signature on the guaranty does not belong to Perez.

The deposition testimony of Maria Shaw, the individual who notarized the personal guaranty, is not sufficient to alter the court's conclusion. Shaw testified that she works for an aviation company as an independent consultant and that she only notarizes documents for her company and for individuals whom she knows in the aviation industry. She does not maintain a log in which she records the signature and address of signees. Shaw's company does business with Angulo and Rojas and she has known them for approximately 25 years. Because she is familiar

with their signatures, Shaw did not require them to sign documents in her presence to notarize them. Shaw was much less familiar with Perez. She knew who he was because he would occasionally visit her place of business to meet with individuals who worked there. But she could not describe him other than note that he was tall.

Shaw does not remember notarizing the personal guaranties for Perez, Angulo, and Rojas. She testified, however, that she would not have notarized the Perez guaranty unless he had appeared before her and acknowledged his signature. In effect, Shaw testified that she does not take shortcuts when notarizing signatures for business associates. But she has a strong incentive to deny the possibility that she may have bent the rules as a favor to a business associate. And there is a possibility that Shaw could have unwittingly notarized the Perez guaranty along with other documents presented to her by Angulo or Rojas. Because Shaw has no memory or record of notarizing Perez's signature, her testimony is not sufficient to overcome the strong evidence that the signature on the guaranty is not authentic.

Moreover, although Addington's testimony supports Avtech's contention that Perez signed the guaranty, this evidence does not alter the court's finding. Addington testified that she filled out and signed a signature verification form the day after the Perez, Angulo, and Rojas personal guaranties were signed. The form indicates that Addington called all three individuals, confirmed their birthdates and addresses, and verified that they had signed personal guaranties for C & G. Perez's phone records confirm that someone from Avtech called Perez's cell phone and that the line was connected for approximately 48 to 52 seconds, indicating that Addington had a brief conversation with him. Perez testified that he does not remember receiving this phone call.

Although this evidence shows that Addington briefly spoke with Perez, it is doubtful that she could have explained the purpose of the call, the content of the personal guaranty, and verified

6

Perez's personal information during a 52-second conversation. It is possible that Perez believed that Avtech was calling about paperwork for C & G rather than a guaranty that could make him personally liable for over half a million dollars. Given this uncertainty, the court finds that Addington's testimony is not sufficient to overcome the persuasive evidence that Perez's signature was not genuine.

In sum, Perez and Avtech have both produced substantial evidence on the question of whether the personal guaranty bears Perez's signature. The conflicting evidence leaves room for debate on the merits of both sides. But after observing the testimony of the witnesses at the evidentiary hearing and reviewing the documentary evidence and deposition testimony, the court finds that the preponderance of the evidence supports Perez's contention that he did not sign the guaranty. Accordingly, Avtech has not proven that the forum selection clause contained in the guaranty binds Perez. The court concludes, therefore, that it lacks personal jurisdiction over Avtech's claims against Perez and that the claims against him must be dismissed.

## II.     MOTION FOR LEAVE TO AMEND COMPLAINT

Avtech moved to amend its complaint to add claims for successor liability and conversion against Doe defendants. Avtech also requested leave to add a claim that C & G, CG Miami, Angulo, Rojas, and Perez are alter egos of each other. In support of its proposed alter ego claim, Avtech asserted that C & G, CG Miami, and Miami NDT, Inc. effectively operated as one entity. Avtech argues that its proposed alter ego claim is sufficient to establish personal jurisdiction over

Perez because he could be bound by forum selection clauses found in contracts entered into by C & G and CG Miami.[2]

Perez opposed the motion to amend, arguing that the amendments to the complaint are futile. *See Warnick v. Cooley*, 895 F.3d 746, 755 (10th Cir. 2018) ("A district court may deny leave to amend upon 'a showing of . . . futility of amendment.' " (citation omitted)). He asserts that amendment is futile because the amended complaint is not sufficient to establish personal jurisdiction over the claims against him. Perez's opposition raises two distinct issues for the court to resolve: (1) Are the proposed amendments futile? (2) If not, are the proposed amendments sufficient to establish personal jurisdiction over the claims against Perez?

First, the court determines that the proposed amendments are not futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason . . . ." *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001). Here, the proposed amendments would not subject the complaint to dismissal because the amendments would be sufficient to assert claims against other defendants in this case. Perez does not argue that the proposed successor liability and conversion claims against the Doe defendants would be futile. Moreover, the proposed alter ego amendments involve claims against the other defendants in this case. Perez has not shown that the alter ego claim would be futile as to the remaining defendants. The court rules, therefore, that the proposed amendments are not futile and grants Avtech's motion to amend. Avtech shall have until December 1, 2020 to file the proposed amended complaint.

---

[2] Avtech also argues that Perez should be bound by forum selection clauses contained in the personal guaranties signed by Angulo and Rojas. But Avtech does not explain how an individual can be an alter ego of another individual. *See Bellairs v. Mohrmann*, 716 So. 2d 320, 323 (Fla. Dist. Ct. App. 1998) (holding that in order to establish alter ego liability, a plaintiff must prove that a "corporation is a 'mere instrumentality' or alter ego of the defendant").

The court determines, however, that the proposed amendments do not establish an independent ground for personal jurisdiction over Perez. When a corporation is an alter ego of an individual, courts may "attribute[] the corporation's contacts with the forum state to the individual for jurisdictional purposes." *Home-Stake Prod. Co. v. Talon Petroleum, C.A.*, 907 F.2d 1012, 1021 (10th Cir. 1990); *see also US Magnesium, LLC v. ATI Titanium LLC*, No. 2:17-cv-923-DB, 2019 WL 1755427, at *4 (D. Utah Apr. 19, 2019) (ruling that allegations that a corporation was the alter ego of a limited liability company were sufficient to subject the corporation to personal jurisdiction in Utah). Avtech argues, therefore, that its allegation that C & G and CG Miami are alter egos of Perez is sufficient to show that he should be bound by forum selection clauses agreed to by those business entities.

Avtech, however, does not allege any facts supporting its claim that C & G and CG Miami are alter egos of Perez. In order to establish alter ego liability under Florida law, a plaintiff "must prove *both* that the corporation is a 'mere instrumentality' or alter ego of the defendant, *and* that the defendant engaged in 'improper conduct' in the formation or use of the corporation." *Bellairs v. Mohrmann*, 716 So. 2d 320, 323 (Fla. Dist. Ct. App. 1998) (quoting *Dania Jai-Alai Palace, Inc. v. Sykes*, 450 So. 2d 1114, 1120–21 (Fla. 1984)). In its proposed amended complaint, Avtech alleges that C & G, CG Miami, and Miami NDT were alter egos of one another because these three entities effectively operated as a single business unit. But Avtech does not allege any facts that would support a claim that any of these business entities was a mere instrumentality of Perez or that he engaged in improper conduct in the formation or use of any of these business entities. In the absence of specific allegations supporting the alter ego claim against Perez, this portion of the alter ego cause of action may not stand. *See Canal Ins. Co. v. Montello, Inc.*, 822 F. Supp. 2d 1177, 1185 (N.D. Okla. 2011) (a plaintiff must plead facts supporting the elements of an alter ego claim).

In short, because the proposed amended complaint does not properly plead an alter ego claim against Perez, Avtech's argument that Perez should be bound by forum selection clauses agreed to by C & G and CG Miami fails.

### CONCLUSION AND ORDER

For the foregoing reasons, the court ORDERS as follows:

1. The court GRANTS Perez's motions to augment the record. ECF Nos. 51, 61.

2. The court GRANTS Avtech's motion for leave to amend its complaint. ECF No. 46. Avtech may file the proposed amended complaint by December 1, 2020.

3. The court GRANTS Perez's motion to dismiss the claims against him for lack of personal jurisdiction. ECF No. 14.

DATED November 13, 2020.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge